# GIBSON LAW FIRM, PLLC

Sujata S. Gibson, Esq.
408 W Martin Luther King, Jr. St.
Ithaca, New York 14850

---

December 8, 2021

**VIA ECF**
Hon. Lewis J. Liman
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, NY 10007

Re:   *Bensmaine v. City of New York*
       Docket 21 civ 4816

Dear Judge Liman,

As directed by the Court, I attach a proposed case management plan. The primary differences between our proposals are as follows:

1)   No. 4 – Deadline to Move to Amend or Add Parties- Attorney Beck has proposed January 6, 2022 as the deadline for me to file a motion to amend or add any additional parties. As I explained to Attorney Beck in an email this morning, which I sent a few hours after he first made this proposal, January 6th does not comport with Local Rule 83.10, which gives me the right to add additional parties and amend without permission six weeks after an answer is filed. Nor does it comport with this Court's conference order, which provides that Defendants shall file their motion to dismiss on or before February 18, 2022, and I am to file a response or motion to amend on or before March 25, 2022. I therefore proposed that this provision comport with the rules, and that pursuant to Rule 83.10, I have until six weeks after Defendants file an answer to move to amend or add or join parties. I do not consent to shortening my client's time to add parties or amend as this would be prejudicial to him.

In light of Defendants' new plan to file an answer on or before February 18, 2022, rather than a motion to dismiss, I respectfully ask this Court to change my date to amend to April 1, 2022 instead of March 25, 2022. This is six weeks after the first answer, and under the Plan, I am supposed to be able to add additional parties within six weeks of the answer being served. Considering that I will be away for the last two weeks of February and until about March 10th, the full time allotted by the local rules would be helpful. I have therefore proposed April 1, 2022 in the attached document for No. 4, or six weeks after Defendant files an answer, whichever is later.

2)   No. 6 – Fact Discovery – Attorney Beck suggests that all fact discovery, depositions, requests to admit and so forth be complete on or before April 6, 2022, which is before Defendant is supposed to respond to my amended complaint (and before he will likely have even filed an answer). As I explained to Attorney Beck, this is not sufficient time for discovery, even if he were to file an answer in lieu of a motion to dismiss on February 18, 2022. I would still, at that point, have the right to amend or otherwise respond on or before March 25, 2022, and to add additional parties on or before April 1, 2022.

I propose that we wait to schedule an end date until we have an answer filed. Typically, the end date for fact discovery is at least 180 days after the first answer is filed. Defendants' failure to timely respond to the complaint, and request for additional time beyond the ninety days he already has had, should not result in prejudice to my client.

In our conference, Your Honor acknowledged that we will likely not be setting forth end dates for discovery at this early stage of litigation. Rather, my understanding was that we are deviating from the Local Rule's typical stay of further discovery during this phase of litigation in order to allow my client to benefit from the discovery and depositions taking place in the

consolidated case. I would therefore propose that after the answer is filed, we confer and determine when an appropriate end date for discovery might be, most likely within 180 days of the filing of the answer, as is typically afforded.

3) Service of Discovery Demands and Local Rule 33.3 Interrogatories – Mr. Beck proposes January 15, 2022, as a deadline. I had originally proposed this, but then realized that unfortunately this does not give me sufficient time to answer before I leave at the end of January. As I emailed Attorney Beck, I propose that these initial demands be served no later than January 3, 2022, which is consistent with this Court's instructions on the form. If the date is later, I will need to respond when I return to New York in March.

4) Summary Judgment motion etc – this is supposed to occur fourteen days after the completion of discovery. I do not consent to the filing of such a motion on April 21, 2022, as I will not have had the benefit of enough discovery yet to supplement the record if necessary.

The rest of Attorney Beck's letter is full of inaccuracies, baseless personal attacks, and mischaracterizations. In addition to the incomplete chain of emails he has cherry picked, I have made multiple attempts to confer in good faith with him, which have been summarily ignored.

It is true that I have asked that Attorney Beck communicate in writing with me rather than over the telephone unless it is absolutely necessary that we speak. I feel there is no other choice for constructively moving this case forward. During our many previous calls since October 20, 2021, Attorney Beck has been uncivil, inappropriate, and obstructive. He cannot help but make constant personal attacks, he seems obsessed with the fact that I teach at Cornell Law School and constantly states that it is surprising to him that I am a professor given that I am incompetent, or that I do not understand basic law, and he has insinuated that I only have this position because of my race or gender. More importantly, Attorney Beck then invents or misstates what occurred

during our calls and has multiple times even made these bald misrepresentations to the Court. It is unpleasant and I am not willing to tolerate any more of it. I would prefer that there be a clear paper trail so that I can direct him back to what was actually discussed if he makes such misrepresentations in the future.

I am not interested in bothering the Court with this voluminous record unless asked or unless it is really necessary. I do not think it is appropriate for attorneys to attach lengthy "Exhibits" showing their petty and irrelevant communications with each other in Court filings. I will simply say that Mr. Beck fundamentally misstates our history of communication about the case management plan, that I have worked in good faith to try to confer with him via email, and that unless the Court directs me otherwise, I will assume these allegations are not of interest to the Court and that it is not worth anyone's time for me to go through them one by one and attach the full record of our communication and my retorts.

As one final matter, there is one email that I need to attach to this letter, which I think is relevant and may unfortunately require Court intervention or at least a record. As directed by the Court, last night, Attorney Beck submitted an email to me with alternative addresses for service for some of the individually named defendants. However, several of the defendants on this list were already served at the address he provides, and affidavits of service are in the record for service at that address (see, e.g., ECF 34, 37, 39, 50) . There are a few other puzzling questions as well. I emailed Attorney Beck this morning to seek clarification, but from his letter to the Court, and other communications, I believe he does not intend to respond. For example, at the end of his email list he states:

> "If you have questions I respectfully suggest you do what virtually every experienced Section 1983 practitioner…does: just call me at my office so as to avoid wasting more time. (You will find that as long as an adversary provides a name for their client in the caption that matches the clients' legal names on their

passports (or doesn't otherwise set off red flags and alarms) – I'm generally glad to help. (As I was after our very first call on October 20, 2021 when I sent you, at your request, the Plan, because as you stated, you did not know what the Plan was nor its provisions.)

Mr. Beck's bizarre allegations are not true (I never said any such thing about the Plan), or cogent (what does my client's name have to do with his ability to respond to questions in a civil manner?) but they do indicate that he will not respond unless I call, which he is well aware I would prefer not to do. Prior attempts to ask for this information verbally have not been constructive or successful.

I do not want to waste resources on more fruitless harassing calls, or on hiring a process server to serve police officers that were already properly served unless I have some explanation for why the service was allegedly defective. Thus, I attach my communication with Attorney Beck on this matter as <u>Exhibit A</u>, which includes my questions about his list, and respectfully ask on the record that he respond by close of business tomorrow (via email) so that I can arrange service for those that do need to be served again or request a waiver of service for those that have not actually been properly served. As I noted in our conference, Attorney Beck only raised service issues for the first time during our telephone call on November 29, 2021. He would not specify what the issues were, or which ones were defective. At our conference he also was unprepared to specify the precise issues. Finally, last night, he emailed me the list, but there are some glaring questions which need to be resolved as indicated in my response before I incur the expense of serving them again.

Respectfully Submitted,

/s/ Sujata S. Gibson
Counsel for the Plaintiffs

Cc:   All counsel via ECF

Telephone: (607) 327-4125

Email: sujata@gibsonfirm.law

# EXHIBIT A

**Sujata Gibson**

| | |
|---|---|
| **From:** | Sujata Gibson |
| **Sent:** | Wednesday, December 8, 2021 9:47 AM |
| **To:** | Beck, Curt (Law) |
| **Subject:** | RE: Bensmaine v. City of New York et al - Proper Service Addresses for individually named Defendants in the caption who were never served |

Curt,
Please see my questions, below, about your list.
1) P.O. Cascio and P.O. Monestine were served at the 114th Precinct at the address provided below. What is your issue with service, and why have you placed them on this list for getting served again?
2) P.O. Mosquera was also served at the 114th precinct. My process servers were told by his co-worker, Officer Martino, that he worked with him and that was his actual place of business. You have provided a different address, but this conflicts with our records. Could you please provide more information about why his co-worker stated that the 114th precinct was the correct address, and why the mailing that was also sent to him there was not sent back if that was in error?
3) Chief Dowling and Deputy Inspector Hillery were served at 524 West 42nd Street, which is where they have previously been served in other cases. Officer Raul Flores claimed to the process server that both "were hurt on the job" and he did not know if they were coming back. Can you explain why my process server was told this, and why both have accepted service at this location previously?

Thank you.

Kind Regards,
Sujata

**From:** Sujata Gibson
**Sent:** Tuesday, December 7, 2021 1:04 PM
**To:** Beck, Curt (Law) <cbeck@law.nyc.gov>
**Subject:** RE: Bensmaine v. City of New York et al - Proper Service Addresses for individually named Defendants in the caption who were never served

Thank you.
As you know, I am fully aware of the plan and served you with the required release at the time of service of the complaint. At this point, it is simply shocking that you would repeat this false statement not only to me but to the Court. Please start acting like a professional. You have made it clear to me in your insanely unprofessional phone calls that you do not like dealing with a woman, much less a woman of color, that you are mad that I'm a professor and you feel that I am too dumb and incompetent to be one, but these thoughts can be kept to yourself going forward as part of your professional obligation as an attorney.

Kind Regards,
Sujata

**From:** Beck, Curt (Law) <cbeck@law.nyc.gov>
**Sent:** Monday, December 6, 2021 5:10 PM
**To:** Sujata Gibson <sujata@gibsonfirm.law>

1

**Cc:** Beck, Curt (Law) <cbeck@law.nyc.gov>; Curt Beck <curtbeck@gmail.com>
**Subject:** Bensmaine v. City of New York et al - Proper Service Addresses for individually named Defendants in the caption who were never served

Dear Ms. Gibson:

The place to properly serve the named defendants in <u>Bensmaine</u> as of today is set forth below:

1. NYPD **CHIEF** GERARD DOWLING
   One Police Plaza
   New York, New York 10038

   OR

   315 Hudson Street
   3rd Floor
   New York, New York 10013

2. NYPD DEPUTY INSPECTOR ANDREW HILLERY
   One Police Plaza
   New York, New York 10038

   OR

   SRG
   1278 Sedgwick Avenue
   Bronx, New York 10452

3. NYPD P.O. WILLIAM DOTTAVIO
   2320G Hylan Boulevard
   Staten Island, New York 10306
   (Emergency Services Truck)

4. P.O. OSCAR MOSQUERA
   One Police Plaza
   Room 722 or Room 900
   New York, New York 10038

5. P.O. VINCENT CASCIO, and
6. P.O. CHAJDON MONESTINE,
   c/o 114 Precinct
   34-16 Astoria Boulevard South
   Astoria, Queens 11103

7-11. **NYPD P.O.s CIRIKIOVICH, JOHNSON, OLIVAREZ, KORNEGAY and SINGH were all properly served so you don't need do anything with respect to them.**

If you have questions, I respectfully suggest you do what virtually every experienced Section 1983 practitioner -- at least those from the from the Southern and Eastern District of New York -- does: just call me at my office so as to avoid

2

wasting more time. (You will find that as long as an adversary provides a name for their client in the caption that matches that clients' legal names on their passports (or doesn't otherwise set off red flags and alarms) -- I'm generally glad to help. (As I was after our very first call on October 20, 2021 when I sent you, at your request, the Plan, because, as you stated, you did not know what the Plan was, nor its provisions.)

Best,

Curt P. Beck
*Special Corporation Counsel for the City of New York*
Law Department of the City of New York
Special Federal Litigation Division
100 Church Street
Rm. 3-140
New York, NY 10007
(212) 356-3524
cbeck@law.nyc.gov