```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
CHRISTOPHE BENSMAINE,                                            :
                                                                 :
                              Plaintiff,                         :
                                                                 :        21-cv-04816 (LJL)
              -v-                                                :
                                                                 :        MEMORANDUM AND
CITY OF NEW YORK, et al.,                                        :             ORDER
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 08/15/2022

LEWIS J. LIMAN, United States District Judge:

On December 14, 2021, the Court issued an Amended Case Management Plan and Scheduling Order setting, inter alia, August 19, 2022 as the deadline to complete fact discovery in this case with depositions to have concluded by August 12, 2022.  Dkt. No. 66.  On April 18, 2022, Defendants wrote the Court stating their intent to file a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and moved for the Court to stay discovery.  Dkt. No. 85.  On April 21, 2022, Plaintiff filed a letter opposing the motion for stay of discovery.  Dkt. No. 88.  On June 30, 2022, Defendants filed their motion for judgment on the pleadings with an accompanying declaration and memorandum of law.  Dkt. Nos. 91–93.  Plaintiff has not yet responded to the motion.  Instead, on August 11, 2022, Plaintiff filed a letter motion to compel discovery, asking the Court to enter an order compelling responses to Plaintiff's outstanding demanded for discovery dating from January 14, 2022, and for a suspension of the discovery deadlines until Defendants respond to the outstanding demands.  Dkt. No. 95.  The Court ordered Defendants to respond to Plaintiff's letter motion, Dkt. No. 96, which Defendants did today, stating that they have unilaterally accorded themselves the requested stay of discovery while their motion for that relief was sub judice, Dkt. No. 98.

Defendants' motion for a stay of discovery is denied. A court may grant a motion to stay discovery only upon a showing of "good cause." *See* Fed. R. Civ. P. 16(b)(4) (providing that discovery schedule "may be modified only for good cause and with the judge's consent"). "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (alteration in original) (quoting *Brooks v. Macy's Inc.*, 2010 WL 5297756, at *2 (S.D.N.Y. Dec. 21, 2010)); *see also Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *1 (S.D.N.Y. June 10, 2021). In determining the strength of the motion to dismiss, a court considers whether it presents "substantial grounds" for dismissal, *Hong Leong*, 297 F.R.D. at 72 (quoting *Chrysler Cap. Corp. v. Century Power Corp.*, 137 F.R.D. 209, 211 (S.D.N.Y. 2013)), or the alternative formulation presented by Judge Gorenstein, whether there is a "strong showing that [the party moving for the stay] is likely to succeed on the merits," *id.* at 73 (alteration in original) (quoting *U.S. S.E.C. v. Citigroup Glob. Mkts., Inc.*, 673 F.3d 158, 162–63 (2d Cir. 2012)). "A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act. Thus, 'discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed.'" *Id.* at 72 (quoting *Moran v. Flaherty*, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992)); *see also Ruby Has LLC*, 2021 WL 2413320, at *1.

Defendants' motion is based principally on what it claims are "relevant videos of plaintiff's arrest [that] show that plaintiff was lawfully arrested and *no* force was used during the course of his arrest." Dkt. No. 85 at 3; *see also* Dkt. No. 93 (relying on video evidence dehors the complaint for proposition that complaint fails to state a First Amendment, false arrest, or excessive force claims). The single case Defendants rely upon for the proposition that the Court

may consider the video evidence, *Addona v. D'Andrea*, 692 F. App'x 76, 78 (2d Cir. 2017), involved a motion for summary judgment where the parties may rely upon evidence produced during discovery; in fact, there is indication from the *Addona* opinion itself that the parties engaged in discovery. *See id.* at 78 (referring to deposition of plaintiff). Defendants offer that "should the Court believe that the documents relied upon by defendant cannot be considered on a Rule 12(c) motion, the Court can and should convert this motion under Rule 12(d) to a Rule 56 motion." Dkt. No. 93 at 5. That statement is telling, and undermining of Defendants' argument. Particularly before discovery has commenced, the party opposing summary judgment may forestall a ruling against it by declaring that—without discovery— "it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); *see Rekor Sys., Inc. v. Loughlin*, 2022 WL 789157, at * 6, 8 (S.D.N.Y. Mar. 14, 2022).

      The remaining factors also counsel against a stay of discovery. Defendants mention that Plaintiff has served sixty-seven discovery demands on them, but do not explain (other than listing the number) what is unduly burdensome about them. Dkt. No. 85 at 3. Although they assert that Plaintiff would not be prejudiced by the stay because it would last only as long as the Court's consideration of the motion, *see id.*, that argument proves too much. If accepted, it would preclude a finding of prejudice in every case in which the moving party asks for a stay pending the resolution of its motion. The complaint in this case was first filed on May 30, 2021 and arises from an arrest that occurred on May 30, 2020. Dkt. No. 1. Defendants have dragged their feet in responding to Plaintiff's claim. *See* Dkt. No. 44. A stay of discovery would not only further delay case-specific discovery here but also would impede Plaintiff's ability to participate in any remaining discovery in the consolidated cases, *In re: New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924(CM).

Defendants' motion at Dkt. No. 85 is denied.  Plaintiff's motion at Dkt. No. 95 is granted in part and denied in part.  Defendants shall respond to the outstanding discovery demands within 30 days of the date of this Order.  The parties shall also submit a proposed amended case management plan by September 2, 2022.  The Court declines to hold a status conference absent further application of the parties.  The Court also declines to stay Plaintiff's time to respond to any outstanding discovery requests from Defendants.

The Clerk of Court is directed to close Dkt. Nos. 85 and 95.

SO ORDERED.

Dated: August 15, 2022
       New York, New York

_____
       LEWIS J. LIMAN
       United States District Judge