UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHE BENSMAINE,<br><br>                              Plaintiff,<br><br>          -against-<br><br>CITY OF NEW YORK, et al.,<br><br>                              Defendants. | 21-CV-04816 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

On October 19, 2022, the Court addressed Defendants' letter which contemplated a motion to stay discovery. *See* ECF Nos. 107, 110. The Court held that any stay of discovery would be evaluated under the standard for a motion for reconsideration under Local Civil Rule 6.3. The Court denied Defendants' request for a stay (or any contemplated motions for a stay) since the request would be untimely and for failure to direct the Court to any overlooked law or facts that should change the Court's original ruling. ECF No. 110 at 1-2.

Defendants filed a more fulsome motion to stay on October 19, 2022. ECF No. 109. For the reasons stated in ECF No. 107 and stated below, the motion to stay is DENIED.

A motion for reconsideration is "committed to the sound discretion of the district court." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012). "Nevertheless, reconsideration may be granted because of an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (internal citations and quotations omitted).

Defendants argue that "the changed discovery landscape" merits a "renewal of their request . . . ." ECF No. 108 at 2. Defendants merely describe the current state of discovery. *Id.* Having to participate in discovery was *exactly* what Judge Limon envisioned when he

denied the stay, even if he could not predict the twists and turns of the litigation. ECF No. 99 at 3-4; *see Anwar v. Fairfield Greenwich Ltd.*, 164 F. Supp. 3d 558, 560 (S.D.N.Y. 2016) ("Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.") (internal citations and quotations omitted). Therefore, the motion to stay is DENIED.

To the extent, Defendants wish to bifurcate *Monell* discovery, they shall raise the motion with Judge Cave, to whom discovery has been referred.

Dated: October 20, 2022
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge